UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEJANDRO JAVIER SICILIA PENTON,

Petitioner,

v. Case No. 3:26-cv-3013-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

Petitioner Alejandro Javier Sicilia Penton, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1; Petition) on November 2, 2026. Sicilia Penton, a citizen of Cuba, entered the United States on April 7, 2022. Doc. 1-1 at 11, 13. On April 11, 2022, the Department of Homeland Security (DHS) initiated removal proceedings against him as "an alien present in the United States who has not been admitted or paroled." Id. at 13. That same day, DHS released Sicilia Penton on his own recognizance. Id. at 8-10, 12. On October 1, 2026, local law enforcement arrested Sicilia Penton "on charges of uttering and petit theft," but on October 21, 2026, the State Attorney's Office declined to prosecute. Petition at 2. Nevertheless, Sicilia Penton was transferred into the custody of the United

States Immigration and Customs Enforcement. In the Petition, Sicilia Penton argues, inter alia, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act. Id. at 10–12. As relief, he asks the Court to direct Respondents to release him or alternatively, provide him with an individualized bond hearing. Id. at 12–13.

On November 4, 2026, the Court granted Sicilia Penton's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through November 18, 2026. See Temporary Restraining Order (Doc. 4; TRO). The Court advised the parties that it would consolidate the resolution of the merits of the Petition with the determination of whether to convert the TRO into a preliminary injunction and set a briefing schedule. See id. The Federal Respondent subsequently filed a Response (Doc. 7). And the Warden filed a Motion to Dismiss (Doc. 6), seeking to be dismissed from this action as an improper respondent.

The Federal Respondent recognizes that Sicilia Penton is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Doc. 7 at 1. Nevertheless, the Federal Respondent

argues that Sicilia Penton has not exhausted his administrative remedies, and therefore, asks the Court to deny the Petition. Id. at 1–4.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Sicilia Penton has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge and received a ruling. Indeed, he requests that "[e]xhaustion of administrative remedies . . . be excused." Petition at 12. However, contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Sicilia Penton filed the Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Sicilia Penton, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023);

see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Sicilia Penton's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing without prejudice the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3
c:
pro se Petitioner
Counsel of Record